UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:21-CR-00012-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| GEORGE C. PEERY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court are Defendant's *pro se* Motions to Reduce Sentence under United States Sentencing Guideline Amendment 821 [Docs. 87, 96]. Pursuant to Standing Order 24-05, Federal Defender Services of Eastern Tennessee has filed a notice that it does not intend to file a supplemental motion at this time [Doc. 93]. Defendant filed a *pro se* Supplement, [Doc. 94], and the United States (the "Government") responded [Doc. 95].

**I. BACKGROUND**

On September 7, 2022, Defendant pleaded guilty to one count of possessing a firearm as a convicted felon, one count of false use of a social security number, and one count of aggravated identity theft [Docs. 46, 51]. Based on an offense level of 15, a criminal history category of VI, and the mandatory 24-month consecutive sentence for the aggravated identity theft conviction, Defendant's guideline range was 65 to 75 months [Doc. 54, ¶ 134].[1] The Court sentenced

---

[1] Before sentencing, Defendant objected to the PSR's assessing three criminal history points in both paragraphs 62 and 63, and the probation officer agreed with Defendant that three criminal history points should be removed [Doc. 68; *see* Doc. 54, ¶¶ 62–63]. Thus, Defendant's criminal history score dropped from 17 to 14, which included two "status" points for committing the instant offense while under a criminal justice sentence [*See* Doc. 68; Doc. 54, ¶¶ 74–75].

1

Defendant at the bottom of that range to 65 months [Doc. 71, pg. 2]. Defendant is currently housed at USP Coleman II with a projected release date of May 11, 2025. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited October 3, 2024). He now seeks a sentence reduction pursuant to Guideline Amendment 821 [Docs. 87, 96].

**II.     ANALYSIS**

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821, which took effect on November 1, 2023, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing ("zero-point offenders"). Composed of two parts, Amendment 821 amended U.S.S.G. § 4A1.1 to reduce or eliminate status points and created U.S.S.G. § 4C1.1 to reduce the offense level for zero-point offenders by two levels. Pursuant to § 4A1.1, status points are eliminated for defendants with six or less criminal history points, and one status point, rather than two, are applied for defendants with more than six criminal history points.

Defendant moves for a sentence reduction under the first part of Amendment 821, U.S.S.G. § 4A1.1. At the time of sentencing, Defendant received two status points for committing the offense while under a criminal justice sentence in Sullivan County, Tennessee and Washington

2

County, Virginia [Doc. 54, ¶ 74].  If sentenced today, Defendant would receive one status point under U.S.S.G. § 4A1.1, resulting in a total of 13 criminal history points rather than 14.  But Defendant would still be in criminal history category VI and his guideline range would be the same.  Accordingly, Defendant is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

### III.  CONCLUSION

For the reasons stated herein, Defendant's motions [Docs. 87, 96] are **DENIED**.

**SO ORDERED:**

                                              s/ Clifton L. Corker
                                              United States District Judge